IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | 4:22-CR-3118 |
| vs. | MEMORANDUM AND ORDER |
| TILIAN JOHN TILIAN, | |
| Defendant. | |

This matter is before the Court on the Magistrate Judge's Findings and Recommendation on a Guilty Plea (filing 92) recommending that the Court accept the defendant's plea of guilty. There are no objections to the findings and recommendation. Pursuant to 28 U.S.C. § 636(b)(1)(C) and NECrimR 11.2(d), the Court has conducted a de novo review of the record and adopts the findings and recommendation of the Magistrate Judge.

The Court notes that the defendant was not expressly informed at the change of plea hearing (filing 104) "that, if convicted, a defendant who is not a United States citizen may be removed from the United States, denied citizenship, and denied admission to the United States in the future." *See* Fed. R. Crim. P. 11(b)(1)(O). According to the defendant, he was born in Ethiopia, and came to the United States as a three-year-old with his family as a refugee. Filing 52 at 1. He said he is a permanent resident of the United States but doesn't have a U.S. passport. Filing 52 at 2.

But while the defendant was not expressly informed at his change of plea hearing about the potential immigration consequences of his plea, he was asked in his petition to enter a plea of guilty: "Do you understand that if you are not a United States citizen, that under immigration law, your guilty plea will be considered by immigration officials in determining whether you are

deported, that is, removed from the United States?" Filing 90 at 3. He indicated he understood. Filing 90 at 3. He was further asked: "Do you understand that in nearly all cases involving drug trafficking and in most federal felony cases, if you are not a U.S. citizen your guilty plea will result in your permanent removal from the United States?" Filing 90 at 3. Again, he indicated he understood. Filing 90 at 3. And the defendant testified at the change of plea hearing that he had read each question in the petition, with the assistance of counsel, and that he had answered each question truthfully and that his answers had been recorded correctly. Filing 104 at 7.

The Court is convinced, from the record as a whole, that the defendant had a sufficient understanding of the potential immigration consequences of pleading guilty and that his decision to do so was wholly voluntary. Therefore, the Court is persuaded that any omission from the Rule 11 colloquy was harmless, as it did not affect the defendant's substantial rights. *See* Rule 11(h); *United States v. Ladue,* 866 F.3d 978, 981 (8th Cir. 2017); *United States v. Gillen,* 449 F.3d 898, 903-04 (8th Cir. 2006); *see also United States v. Anderson,* 624 F. App'x 106, 106-07 (4th Cir. 2015). The defendant's decision to plead guilty could not have been affected by the Magistrate Judge's failure to tell the defendant what he already knew. *United States v. Young,* 927 F.2d 1060, 1063 (8th Cir. 1991). The Court also notes that neither party has objected to the findings and recommendation, meaning that any objection has been waived. *See Peretz v. United States,* 501 U.S. 923, 936-39 (1991). Accordingly,

IT IS ORDERED:

1. The Magistrate Judge's Findings and Recommendation on a Guilty Plea (filing 92) are adopted.

2. The defendant is found guilty. The plea is accepted. The Court finds that the plea of guilty is knowing, intelligent, and voluntary, and that a factual basis exists for the plea.

3. The Court defers acceptance of any plea agreement until the time of sentencing, pursuant to Fed. R. Crim. P. 11(c)(3). Unless otherwise stated at the time of sentencing, any plea agreement will be deemed accepted upon the pronouncement of the judgment and sentence.

4. This case shall proceed to sentencing.

Dated this 18th day of May, 2023.

BY THE COURT:

*John M. Gerrard*

John M. Gerrard
Senior United States District Judge